Kern, Leila R., J.
Introduction
This action arises from the dissolution of the business relationship between Stewart N. Mayer and Robert J. Harrington. Prior to such dissolution, the parties had been jointly involved in the operation of Terrian, LLC and Nexum Development Corporation for many years. The matter before this court is defendant and plaintiff-in-counterclaim Harrington’s Motion for Attachment of Trustee Process. For the reasons contained herein, Harrington’s motion is DENIED.
Discussion 1. Standard of Review
Attachment of trustee process should be granted when the moving party demonstrates that it has a reasonable likelihood of success on the merits. Mass.RCiv.P. 4.1(c). The court must also consider whether a failure to grant such preliminary relief will result in irreparable harm to the moving party if that party is successful upon a full hearing of the merits. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980).
2. Harrington’s Counterclaim
Before addressing whether or not Harrington has met his burden of proof for attachment of trustee process, it is necessary to address whether his coun *569 terclaim is defective. A compulsory counterclaim is any claim for relief that arises out of the same transaction or occurrence as the allegations of the complaint. Mass.R.Civ.P. 13(a). Both the complaint and the counterclaim arise out of the dissolution of the business partnership. A compulsory counterclaim shall be stated at the same time the answer is filed. Id. (emphasis added). A counterclaim that is not brought at the same time as the answer can only be brought by leave of the court. Id. Harrington filed an answer to Mayer’s complaint on May 12, 2011 but did not file his counterclaim until June 1, 2011. Further, he did not request leave of the court. Therefore, the counterclaim is defective and dismissed from consideration.[1]
If, arguendo, this court were to consider the merits of the counterclaim, it would consider whether the facts alleged in the affidavits indicate a reasonable likelihood of success on the merits. Harrington fails in this regard for several reasons. First, Harrington alleges that Mayer has breached his fiduciary duty by failing to match Harrington’s contributions to their joint business venture. Section 5.3 of the Operating Agreement of Teman, LLC (Exhibit 4 of Mayer’s Affidavit in Opposition to Harrington’s Motion for Attachment) discusses capital contributions of the members and states that outside of the initial contributions of the members, additional contributions are only required following a two-thirds vote of the members. No such vote is alleged in any of Harrington’s affidavits. Therefore, evidence in the record clearly contradicts Harrington’s allegations, making his chance of success less than likely. Furthermore, the substantial bulk of the record consists of competing affidavits and printouts of emails. There is nothing in the record that significantly tips the scale in Harrington’s favor. Finally, some of allegations in Harrington’s counterclaim, like conspiracy and fraudulent misrepresentation, lack any evidentiary support within the affidavits or exhibits thus making his likelihood of success with respect to these claims unknown.[2]
3. Third-Party Complaint
Harrington’s affidavits fail to show a likelihood of success on the merits of his third-party complaint. Harrington’s third-party complaint alleges a breach of contract and violations of Massachusetts General Laws c. 93A, §§2 and 11. However, Harrington’s affidavits deal almost exclusively with his counterclaims, leaving little to no evidence or statements of fact against the third-party defendant, Patricia Mayer. Without more specific details and support of his claims, Harrington fails to prove a reasonable likelihood of success.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant and plaintiff-in-counterclaim Harrington’s Motion for Attachment of Trustee Process is DENIED.

Had the counterclaim been properly arid timely filed, the analysis for attachment would have first considered whether or not venue would be appropriate in Middlesex County. Generally, in order to attach trustee process, the trustee must reside in or have his/her usual place of business in the county where the attachment is being sought. However, when using trustee process on a counterclaim, it is not necessary for the tmstee to live in or have his/her usual place of business in the same county. Mass.R.Civ.P. 4.2(e). Therefore, had the counterclaim been valid, venue in Middlesex County would have been proper.

Also, it is unlikely that Harrington will suffer irreparable harm if the attachment is not approved because the trust contains a spendthrift provision. The spendthrift provision in section 5(b) of the Trust (Exhibit A in Patricia Mayer’s Memorandum in Opposition to Attachment of Trustee Process) not only prevents creditors from reaching the assets but also prevents any beneficiary from assigning or otherwise appropriating the funds at will. Thus, it seems highly unlikely that all of the assets in the Mayer Family Trust will have been disposed of prior to the resolution of the case and Harrington will still be able to recover if he is successful on the merits.